UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAP NEOU,<br><br>   Petitioner-Plaintiff,<br><br>  v.<br><br>SERGIO ALBARRAN, et al.,<br><br>   Respondent-Defendants. | Case No.  25-cv-08034-JSC<br><br>**ORDER RE: MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. Nos. 3, 18 |

  Before the Court is Petitioner-Plaintiff's Motion for a Preliminary Injunction. Petitioner-Plaintiff originally filed the Motion as a request for a Temporary Restraining Order, then the Court converted it to a Motion for Preliminary Injunction pursuant to the parties' stipulation. (Dkt. Nos. 3, 10, 12.)[1] The stipulation stated U.S. Immigration and Customs Enforcement ("ICE") "intends to provide Petitioner with a notice pursuant to *Chhoeun v. Marin*, and will not re-detain Petitioner before October 22, 2025."[2] (Dkt. No. 12 at 1.)  On October 10, 2025, and in light of changed circumstances recited in Petitioner-Plaintiff's Reply, the Court ordered the parties to file a joint status report regarding developments in Petitioner-Plaintiff's motion to reopen his immigration proceedings and how it affects Respondent-Defendants' plans to re-detain Petitioner-Plaintiff. (Dkt. No. 17 at 1.) The parties filed a Joint Status Report on October 14, 2025, as required. (Dkt.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[2] As Respondents-Defendants admit, "Petitioner is a member of the class in *Chhoeun v Marin*, 442 F.Supp.3d 1233, 1251 (C.D. Cal. 2020).  Pursuant to the permanent injunction in *Chhoeun*, Petitioner may not be re-detained unless he first receives a notice of re-detention at least 14 days before the proposed detention. … This notice must have specific phrasing and include supporting documentation. Notice of the injunction, including supporting documents, must be served on the class member and on class counsel." (Dkt. No. 13 at 10, 18 (internal quotation marks and footnotes omitted).)

No. 18.)

The Joint Status Report ("the Report") states "ICE has no imminent intent to re-detain Mr. Neou but reserves the right to do so in compliance with *Chhoeun v. Marin* and applicable law." (*Id.* at 1.) The Report also reflects Respondent-Defendants' position that "ICE has not issued the 14-day *Chhoeun* notice, and therefore, cannot re-detain [Petitioner-Plaintiff] until doing so." (*Id.* at 2.)  So ICE has changed its position: while before it stated it intended to detain Petitioner, now it represents it has no "imminent intent" to re-detain him although it reserves the right to do so in compliance with *Chhoeun v. Marin*.  So, Plaintiff-Petitioner's re-detention is no longer "a certainty."  (Dkt. No. 16 at 17.)

Accordingly, the Court ORDERS as follows:

1. In light of Respondent-Defendants' representation, the Court ORDERS Respondent-Defendants to not re-detain Petitioner-Plaintiff without first providing the notice required by *Chhoeun v. Marin*.

2. As Respondent-Defendants may never seek to re-detain Plaintiff-Petitioner, especially in light of recent developments, the Court VACATES the hearing on Petitioner-Plaintiff's Motion for Preliminary Injunction set for October 16, 2025, and DENIES Petitioner-Plaintiff's Motion for a Preliminary Injunction WITHOUT PREJUDICE. If Respondent-Defendants provide the proper notice to re-detain Petitioner-Plaintiff, then Petitioner-Plaintiff may renew his request for a Temporary Restraining Order based on the circumstances that exist at the time.

This Order disposes of Docket No. 3.

**IT IS SO ORDERED.**

Dated: October 15, 2025

JACQUELINE SCOTT CORLEY
United States District Judge